IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARON A.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 25 C 4560 |
| v. | ) |
| | )   Magistrate Judge Gabriel A. Fuentes |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[3]

Before the Court is Plaintiff's Motion for Summary Judgment, brief in support, and reply (D.E. 22, 23, 28) and Defendant's Memorandum in Support of Motion for Summary Judgment (D.E. 26).

## I.    Procedural History

Plaintiff applied for Disability Insurance Benefits ("DIB") on June 13, 2022, alleging a disability onset date of February 1, 2022, and requesting a closed period of disability to July 28, 2023, during which he suffered from and was treated for ocular melanoma, a type of eye cancer. (R. 14, 29-30.) After a hearing, the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's application on March 29, 2024, finding him not disabled under the Social

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court. To the extent the Court uses pronouns in this order, the Court uses those pronouns used by the parties in their memoranda.

[2] The Court substitutes Frank Bisignano for his immediate predecessor, Leland Dudek, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On June 17, 2025, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to this Court for all proceedings, including entry of final judgment. (D.E. 13.)

Security Act (the "Act").[4] (R. 14-24.) Plaintiff's date last insured ("DLI") is December 31, 2026.[5] (R. 30.) This appeal followed.

## II.     The ALJ Decision

The ALJ began applying the Social Security Administration's ("SSA") five-step sequential evaluation process to Plaintiff's claims but stopped at Step Two after determining Plaintiff's impairments were non-severe. First, at Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date ("AOD") of February 1, 2022. (R. 16.) At Step Two, the ALJ determined that Plaintiff's medically determinable impairments of hypertension, melanoma in situ right eye conjunctiva, symblepharon (dry eye) of the right eye, diverticulosis, ocular hypertension, folliculitis, left epididymal cyst, and right carpal tunnel syndrome did not significantly limit Plaintiff's ability to perform basic work-related activities for 12 consecutive months and were thus non-severe. (R. 16-17.) Therefore, the ALJ dismissed the case at Step Two of the five-step analysis, 20 CFR 404.1520, determining that Plaintiff was not disabled from February 1, 2022 to July 28, 2023, under the Act. (R. 21.)

## III.    Legal Standard

An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of

---

[4] The Appeals Council subsequently denied review of the opinion (R. 1-6), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

[5] To be entitled to DIB, a claimant must prove that their disability onset date preceded the DLI. *See Martin v. Kijakazi*, 88 F.4th 726, 728 (7th Cir. 2023), citing 42 U.S.C. § 423(c).

evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. *See also Padua v. Bisignano*, 145 F.4th 784, 789 (7th Cir. 2025) (stating that the district court's review of the ALJ's opinion will not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's"); *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025) (describing reviewing court's role as "extremely limited"); *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) (reiterating that Seventh Circuit "review proceeds with a light touch—not holding ALJs to an overly demanding evidentiary standard and in turn reinforcing that claimants bear the affirmative burden of proving their disability"). The Seventh Circuit also has made clear that on its own review of district court decisions reviewing ALJ opinions for substantial evidence, district courts have a similar "minimal articulation" requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

### IV.  Analysis

Plaintiff was diagnosed with ocular melanoma, a type of eye cancer, in the beginning of February 2022, which was treated with several surgeries and procedures, including chemotherapy treatment, resulting in his request for a closed period of disability from February 1, 2022, through July 28, 2023. (R. 18-19.) Plaintiff contends the ALJ erred as a matter of law in three aspects in rendering the decision: (1) the ALJ factually and legally erred in discounting the treating specialist's opinion evidence to find no severe impairment; (2) the ALJ legally erred by not

3

properly following the regulatory mandate to assess the agency opinion evidence; and (3) the ALJ failed to properly assess symptoms. (D.E. 23: Plaintiff's Brief In Support of Reversing The Decision of The Commissioner of Social Security ("Pl. Br.") at 3-14.) None of these arguments warrants remand.

      A.      **The Step Two Legal Standard.**

As discussed above, the ALJ found at Step Two that none of Plaintiff's medically determinable impairments are severe, therefore necessarily finding, pursuant to 20 CFR 404.1520(c), that Plaintiff was not disabled without proceeding through the remaining sequential steps. (R. 16-17.) At Step Two, it is Plaintiff's burden to prove his impairments meet the severity threshold. *See generally Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); 20 C.F.R. § 404.1521. The regulations and social security ruling explain that "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." SSR-85-28; 20 C.F.R. § 404.1522(b). Furthermore, an impairment is not severe when the evidence establishes "only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." SSR-85-28. Additionally, the impairment(s) must have lasted, or must be expected to last, for a continuous period of at least 12 months, or be expected to result in death. *See* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii).

Although the Step Two determination of severity has been described as "merely a threshold requirement" *Castile,* 617 F.3d at 927 (quoting *Hickman v. Apfel,* 187 F.3d 683, 688 (7th Cir. 1999)), and at times referred to "as a *de minimis* screening for groundless claims," the Seventh Circuit recently reiterated that plaintiff "nevertheless has the burden of proving that his impairments were more than minimal." *Kelley v. Colvin*, No. 24-1587, 2025 WL 25959, at *4 (7th Cir. Jan. 3, 2025) (internal quotations and citations omitted) (affirming the ALJ's decision at Step Two of no severe impairment where a doctor's single unsupported statement did not satisfy that burden). *See also Garry B. v. O'Malley*, No. 22 C 50346, 2024 WL 4953888, at *2 (N.D. Ill. Dec. 2, 2024) (finding "a plaintiff who challenges an ALJ's Step Two finding(s) nonetheless must do more than offer conclusory assertions; he must provide record citations and explain how they prove his alleged limitations").

> **B. The ALJ's Weighing of the Medical Opinion Evidence Was Supported By Substantial Evidence.**

Plaintiff contends the ALJ did not adequately consider the opinion of Thomas Deutsch, M.D., Plaintiff's treating ophthalmologist, in finding that Plaintiff's eye condition did not meet the durational requirement[6] (Pl. Br. at 4) and did not properly assess the opinion evidence of the two state agency medical consultants. (Pl. Br. at 9.) The Court first addresses Dr. Deutsch's opinion.

In determining the persuasiveness of a medical opinion, the ALJ considers, most importantly, whether the opinion is supported by relevant and objective medical evidence and is consistent with other medical evidence in the record, as well as the extent of the medical professional's relationship with the claimant and specialization. *Cain*, 148 F.4th at 496-97, citing 20 C.F.R. §§ 416.920c(a) and (c)(1)-(5). "In making these determinations, an ALJ is subject to

---

[6] Plaintiff does not argue that the ALJ erred in concluding that his other medically determinable impairments were not severe and thus the Court does not address them.

5

only the most minimal of articulation requirements." *Id*. at 497 (internal quotations omitted). The Court finds that the ALJ's discussion adequately articulates her reasons for finding that Plaintiff's eye condition and resulting intermittent pain did not support and was not consistent with his claims of disabling symptoms. (*See* R. 18-21.) As discussed below, the ALJ cited to specific and substantial evidence in the record to support her conclusions.

1. **Dr. Deutsch**

Plaintiff takes issue with the ALJ's finding that Dr. Deutsch's opinion that "the claimant's impairments were expected to last at least twelve months 'at least to some degree'" was "not probative as to whether the impairment is severe." (Pl. Br. at 4, quoting R. 21.) In particular, Plaintiff argues that the ALJ "overlooked" that Dr. Deutsch authored the opinion in July 2023, more than 12 months after Plaintiff first sought treatment for his eye cancer in February 2022. (Pl. Br. at 4-5.) But "[t]he relevant inquiry is not whether Plaintiff had a particular medically determinable impairment for 12 months, but whether the impairment(s) caused him to be unable to engage in substantial gainful activity for that amount of time." *Garry B.*, 2024 WL 4953888, at *3, citing, SSR 23-1p. Although the Court agrees that Plaintiff's ocular melanoma treatment may have lasted longer than 12 months, the Court does not find that Plaintiff met his burden of proving that the impairment was severe or could be expected to be severe for that long. *Kelley*, 2025 WL 25959 at *4.

Plaintiff alleges that the ALJ wrongly interpreted Dr. Deutsch's opinion. In his July 2023 Neoplasm Report and Physical Residual Function Capacity Questionnaire, Dr. Deutsch checked boxes indicating that Plaintiff's pain would occasionally interfere with attention and concentration, that Plaintiff required one or two unscheduled breaks for five minutes each, and that Plaintiff would be absent one day or less per month. (Pl. Br. at 4, citing R. 430-32.) As for Dr. Deutsch's answer

to whether Plaintiff's impairment was expected to last 12 months or greater, he wrote in, "at least to some degree." (R. 20-21, quoting, R. 430.)

In determining that Plaintiff's ocular melanoma was not a severe impairment, the ALJ acknowledged the opinion of Dr. Deutsch (R. 20-21) but also discussed the medical record evidence including Plaintiff's surgeries and procedures, Plaintiff's subjective complaints, and treatment notes. (R. 17-21.) Further, Plaintiff pointed "to no objective evidence in the record aligning with [or] reinforcing the severity he believes" Dr. Deutsch's opinion suggests. *Kelley*, 2025 WL 25959, at *4 (internal quotations and citations omitted). The ALJ noted that Plaintiff's eye condition was diagnosed, treated, and generally resolved within the span of 12 months (R. 18) and that his eye conditions remain stable. (R. 19.) The ALJ found no documentation that suggested a worsening of visual fields or visual acuity after the May 2022 eye exam (a mere four months after diagnosis), and the ALJ noted that the Plaintiff was able to drive to and from appointments throughout the period at issue. (R. 19.) In addition to Plaintiff's ability to drive independently, the ALJ discussed Plaintiff's ability to work as a film or TV extra throughout the Chicagoland area during the relevant time period. (R. 19.) The ALJ also noted that Plaintiff was an "avid workout enthusiast" who was able to engage in aerobic exercise without issue and was "quite active." (R. 20, citing R. 397.) The ALJ also discussed the evidence from the consultative eye exam that Plaintiff underwent with David Hillman, M.D. on May 12, 2023, that showed no significant visual acuity or field loss subsequent to surgery; confirmed that Plaintiff wore glasses and did drive; vision of 20/25 in the right eye and 20/20 in the left eye with current correction; and full visual fields bilaterally. (R. 19, citing R. 374-79.)

Within this framework, the ALJ discussed Dr. Deutsch's opinion and discounted it for not being probative of disability. (R. 20-21.) The suggestion by Dr. Deutsch that Plaintiff's symptoms

7

might persist "at least to some degree" was appropriately vague and reflected the non-continuous nature of Plaintiff's symptoms. Plaintiff takes issue with this statement, arguing that Dr. Deutsch did not offer a clear opinion on whether Plaintiff was limited beyond the 12 months, and that the ALJ was obligated to gather clear opinions on the issue. (Pl. Br. at 6-7.) But the ALJ only stated that "without a clear opinion" as to whether Plaintiff was significantly limited for 12 months, she was unable to find he had a severe impairment. (R. 21.) As noted, it is Plaintiff's burden to provide evidence of his disability, and Dr. Deutsch's opinion was weighed with the findings of the state agency consultants, Drs. Western and Soler, both opining non-severe impairment (*see infra*), whom the ALJ found were persuasive in forming the basis for the ALJ's opinion. (R. 21, citing R. 54, 59-60.) The ALJ also had in the record the evidence that Plaintiff performed aerobic exercise and worked as a TV extra – the record is replete with substantial evidence refuting Plaintiff's argument for a severe impairment. Moreover, the ALJ's explanation sufficiently met the minimal articulation standard and is supported by substantial evidence. *Warnell*, 97 F.4th at 1053.

    2. **State Agency Consultants**

Next, the ALJ articulated that the non-severe findings of Drs. Western and Soler were supported by Plaintiff's normal visual acuity and improved pain. (R. 21, citing R. 52-56, 57-62, *see e.g.,* R. 59 "11/8/22 Eye visit. Denies pain … 02/23 C/o constant pain in rt. eye … 03/23 eye feeling better since holiday from mitomycin … 4/21/23 … no pain.") The ALJ discussed that Drs. Western and Soler noted that Plaintiff's "visual acuity is normal and [his] pain improved once his chemotherapy drops stopped." (R. 21.) The ALJ continued that these state agency consultants' opinions were "supported by the evidence reviewed and consistent with" the hearing testimony showing no recurrence of cancer or constant eye pain. (*Id.*)

Elsewhere in the ALJ's opinion, which the Court reviews holistically (*Thorlton*, 127 F.4th at 1082), she references that on June 10, 2022, Plaintiff reported feeling better and "had two episodes of sharp pain in the past several weeks that had resolved after a few hours" (R. 18, citing R. 570) and "one episode of extreme eye pain on August 11, 2022, and was feeling better once he followed up at the eye center the following day." (R. 18, citing R. 545.) Plaintiff's durational argument appears to be an invitation to reweigh the evidence. However, the Court is not permitted to reweigh the evidence but rather must simply determine whether substantial evidence supports the ALJ's decision. *Padua*, 145 F.4th at 789; *See also*, *Marilyn C. v. Kijakazi*, No. 20 CV 1816, 2023 WL 1862988, at *10 (N.D. Ill. Feb. 9, 2023) (declining to reweigh the evidence and finding that substantial evidence supported the ALJ's decision that plaintiff's vision impairment, including two years of eye exam results, was not severe at Step Two).

Viewing the ALJ's opinion holistically, as the Court must, the opinions of Drs. Western and Soler are consistent with Plaintiff's activities during the time period at issue of frequent heavy exercise (including aerobic exercise) and driving, and a treatment history that showed improvement and stabilization. (R. 18, citing R. 566 reporting at the July 2022 exam weightlifting activities three or four days per week and walking five days a week for three miles at a moderate pace.) *Thorlton*, 127 F. 4th at 1082. As such, the ALJ articulated her reasoning for finding persuasive the state agency consultants' opinions, and that reasoning included that Plaintiff, in addition to partaking of aerobic exercise, regularly lifted weights.

The ALJ adequately reviewed all of the relevant evidence and determined that Plaintiff's eye impairment or pain associated with such did not cause work-related limitations. After reviewing the ALJ's thorough consideration of the evidence, the Court agrees that her Step Two determination was supported by substantial evidence.

C. **The ALJ's Evaluation of Plaintiff's Subjective Statements Was Supported By Substantial Evidence.**

Plaintiff's final argument concerns the ALJ's purported "brief and incomplete discussion" of the subjective evaluation, particularly, the discussion of daily activities, Plaintiff's improvement, and his use of medication. (Pl. Br. at 13-14.) But the ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. Here, the ALJ met this standard, and, as discussed above, gave valid and compelling reasons for discounting Plaintiff's allegations, including that the treatment was largely successful. (R. 19, citing R. 460, 465-66.)

First, the ALJ discussed Plaintiff's daily activities including his driving, lifting weights (three to four days per week for 60 minutes), and long walks (five days a week for three miles at a moderate pace). (R. 18, citing R. 374, 566.) Plaintiff's argument that the ALJ "did not explain why driving was inconsistent" with his claims (Pl. Br. at 13) is a non-starter. The ALJ considered Plaintiff's driving ability along with his normal findings and stable conditions. (R. 18-20.) To the extent Plaintiff argues that he did not drive "throughout" the period at issue but rather there were periods when he could not drive, the Plaintiff failed to meet his burden and did not provide medical evidence that he could not drive and certainly not for the durational requirement of 12 months to meet the severe requirement at Step Two. *Thorlton*, 127 F.4th at 1080. People routinely undergo surgeries and procedures wherein they are told they cannot drive to or from the surgical center or hospital, for example, but that does not mean they have a severe impairment.

Second, Plaintiff argues that his improvement or stability is not inconsistent with a debilitating condition. (Pl. Br. at 14.) Although courts recognize that a characterization of improvement does not necessarily mean capable of full-time competitive work, *Jarnutowski v. Kijakazi*, 48 F.4th 769 (7th Cir. 2022), citing *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014),

10

the question before this Court is whether there was substantial evidence that the ALJ supported the determination that Plaintiff's eye condition did not significantly limit his ability to perform basic work activities. Simply stated, the answer is yes, the ALJ supported her decision with substantial evidence for all of the reasons discussed above. Plaintiff seeks to hold the ALJ to a significantly more stringent standard than the "minimal articulation" that the Seventh Circuit regularly and recently has said is the applicable yardstick.

Third, Plaintiff takes issue with the ALJ's "incorrect" characterization that he "stopped" taking medication in February 2023. (R. 14, citing R. 18.) But the ALJ did acknowledge medication usage (or lack thereof) in just the next paragraph describing an eye exam in March 2023 wherein the ALJ explained that Plaintiff elected to "watch and wait" before deciding if he needed to resume drops. (R. 19.) And the ALJ discussed a July 28, 2023, appointment wherein Plaintiff's dry eye and eye pressure were both stable and he was rarely using tears. (*Id*.) The Plaintiff also argues that the ALJ failed to assess that he "was prescribed Norco, a strong narcotic pain medication," to support his claim of disability, but interestingly does not argue that he actually *took* Norco. (Pl. Br. 14, citing R. 263.) Further, the record citation to which the Plaintiff points in support of his argument mentions that Norco was prescribed only for "breakthrough pain" not controlled by ibuprofen (R. 263), with no mention or citation that Plaintiff actually *used* the Norco. Once again, the Plaintiff has failed to meet his burden at this stage of the evaluation and the ALJ was under no obligation to "discuss every piece of evidence in the record," especially one as thin as Plaintiff's Norco argument, for ALJs are subject to only the most minimal of articulation requirements. *Thorlton*, 127 F.4th at 1080, 1082 (citations omitted); *Warnell*, 97 F.4th at 1053. In addition, an ALJ may discount allegations where a plaintiff's symptoms are controlled by medications. *Truelove v. Berryhill*, 753 F. App'x 393, 397 (7th Cir. 2018).

11

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Summary Judgment (D.E. 22, 23) and grants Defendant's motion for summary judgment (D.E. 26).

**SO ORDERED.**

                                                 **ENTER:**

                                                 **GABRIEL A. FUENTES**
                                                 **United States Magistrate Judge**

**DATED: February 4, 2026**